**IT IS ORDERED as set forth below:**

Date: November 08, 2010

_____
Mary Grace Diehl
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In Re: | : | CASE NUMBER |
| | : | |
| Thomas W. Dawson**,** | : | **06-40716-MGD** |
| | : | |
| Debtor. | : | CHAPTER 13 |
| _____ | : | |

**ORDER WITH REGARD TO APPLICATION OF
CITICORP NORTH AMERICA, INC. FOR UNCLAIMED FUNDS**

The Chapter 13 Trustee in the above-styled bankruptcy case paid $859.68 into the registry of this Court as unclaimed funds payable to Citimortgage, Inc. pursuant to 11 U.S.C. § 347(a). CitiMortgage, Inc. ("Creditor") filed a secured claim based on a real estate mortgage in the above-styled Chapter 13 case. On September 27, 2010, Citicorp North America, Inc., ("Claimant") filed an Application for Payment of Unclaimed Funds ("Application"). (Docket No. 35).

The Application fails to establish that Claimant is the rightful owner of the sought unclaimed funds. Pursuant to 11 U.S.C. § 347(a), a trustee pays into the bankruptcy court any distributions

payable to a creditor that the creditor does not timely claim. The unclaimed funds paid into court are to be disposed of under chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. Despite the documentation attached to the Application, the Court is unable to verify that the unclaimed funds are for a debt that is properly payable to Claimant Citicorp North America, Inc. It appears that the attached documentation seeks to establish that Creditor Citimortgage, Inc. is a subsidiary of Claimant. However, "affiliated corporations do not by that fact alone have the right to act on behalf of each other." *In re Applications for Unclaimed Funds*, 341 B.R. 65, 70 (Bankr. N.D. Ga. 2005). The general principals of agency law are applicable here. The Application would have to demonstrate that Creditor authorized Applicant to act as its agent in this capacity. The Application includes no such authorization from Creditor CitiMortgage, Inc.

The application also fails to establish that this debt has not been extinguished or otherwise satisfied. Because Creditor's claims were secured by a mortgage of the debtor's real estate, it is possible that the debt was satisfied by foreclosure, paid through a post-bankruptcy sale, or satisfied in connection with a refinancing agreement. "[A]n application must affirmatively show that the debt has not been satisfied and that the applicant has a "present entitlement to the unclaimed funds sought." *Id.* at 73 (citing *In re Acker*, 275 B.R. 143, 145 (Bankr. D.D.C. 2002)). For these reasons, it is

**ORDERED** that Claimant's Motion is **DENIED**, without prejudice to the rights of Claimant to seek the funds in a subsequent application that properly demonstrates a relationship between Claimant and Creditor.

The Clerk is directed to mail copies of this Order to Debtor, counsel for Debtor, the Chapter

13 Trustee, the U.S. Attorney, and the party on the attached Distribution List.

**END OF DOCUMENT**

**Distribution List**

Kathleen S. Allen
Citigroup North America, Inc.
3800 Citigroup Center Dr.
Location G3-4
Tampa, FL 33610